

THE ATTORNEY GENERAL

OF TEXAS

JOHN L. HILL,
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 22, 1976

The Honorable William W. Day
Criminal District Attorney
Calhoun County
Port Lavaca, Texas   77979

Opinion No. H-901

Re:  Whether a county may
contract with an individual
to prepare an economic
redevelopment plan to make
the county and private
agencies in the county
eligible for federal grants.

Dear Mr. Day:

You ask whether Calhoun County has authority to contract
with an individual to prepare a plan for the economic development
of the county.  In November 1975, Calhoun County was desig-
nated a redevelopment area under the Public Works and
Economic Development Act of 1965.  42 U.S.C.A. §§ 3121, et
seq.  The Secretary of Commerce must approve an economic
development plan for the county as a prerequisite to extending
federal assistance under the Act.  Id. §§ 3131(a)(1)(C),
3142(b)(10).  The Act seeks to create jobs in areas of high
unemployment or low incomes by providing for grants, loans,
and technical assistance to communities, industries, and
individuals.  H.R. Rep. No. 539, 89th Cong., 1st Sess. 2788
(1965).  It provides for assistance in constructing public
works, such as waterworks, sewer lines, streets and roads
related to industrial development, harbor facilities, dams,
bridges, airports, tourism facilities, and vocational schools.
42 U.S.C.A. § 3131; H.R. Rep. No. 539, 89th Cong., 1st Sess.
2796 (1965).  The county agency concerned with economic
development must approve public and private applicants
before they can receive financial aid.  42 U.S.C.A. §
3142(b)(2).  Each project for which assistance is sought
must be consistent with an overall program for economic
development of the area.  Id. § 3142(b)(10).  The commissioners
court wishes to contract with an attorney to prepare the
requisite economic development plan.

p. 3778

The commissioners court has "such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." Tex. Const. art. 5, § 18. It does not have general authority over county business, but may exercise only those powers conferred by the Constitution and statutes, whether by express terms or necessary implication. Canales v. Laughlin, 214 S.W.2d 451 (Tex. Sup. 1948); Anderson v. Wood, 152 S.W.2d 1084 (Tex. Sup. 1941). The commissioners court is expressly authorized to undertake several projects that may qualify for federal assistance under the Public Works and Economic Development Act. The court can build roads, bridges, and public buildings. V.T.C.S. art. 2351, §§ 3, 4, & 7. It may construct water treatment and distribution facilities. V.T.C.S. art. 2352e. The court also must "[p]rovide for the support of paupers. . . ." V.T.C.S. art. 2351, § 11. This office has held that the court, in performance of the last duty, may contract with the Department of Labor to engage in a federal job training program. Attorney General Opinions H-891 (1976), M-605 (1970). The commissoners court has broad discretion in exercising powers conferred on it. Canales v. Laughlin, supra. We believe the court may draw up a plan placing its construction projects and unemployment assistance programs in the context of county economic development, as a necessary step toward securing federal funding for performance of statutorily authorized activities. See Attorney General Opinion H-458 (1974). Moreover, we believe the commissioners court may formulate an economic development plan for the county as a basis for its decisions on how or whether to exercise its properly authorized powers. We believe this authority includes the preparation of the economic development plan required to qualify for assistance under the Public Works and Development Act of 1965.

Having decided that the commissioners court may prepare the plan itself, we must determine whether it can employ an attorney to do it. No statute expressly authorizes the proposed contract. However, it has been held that the commissioners court, exercising its duties as a board of equalization, may contract for expert advice on property valuation. Pritchard & Abbott v. McKenna, 350 S.W.2d 333 (Tex. Sup. 1961). See also Attorney General Opinion H-80 (1973). We believe the commissioners court may also seek expert advice on the economic needs of Calhoun County and on

the form in which an economic development plan should be presented to the Secretary of Commerce, although the court's availing itself of such advice does not free it from responsibility for exercising its own judgment in the matter. Cf. Whelan v. State, 282 S.W.2d 378 (Tex. Sup. 1955).

Counties may not appropriate public funds to private corporations. Tex. Const. art. 3, § 52; art. 11, § 3. Calhoun County wishes to spend public funds on a plan necessary to qualify county projects for federal assistance. Private businesses may not seek grants and loans until the Calhoun County economic development plan is approved, so in a sense they indirectly benefit from the county's expenditure for the plan. However, an expenditure for the direct accomplishment of a legitimate public purpose is not rendered unlawful by the fact that a privately owned business may be benefited thereby. Barrington v. Cokinos, 338 S.W.2d 133 (Tex. Sup. 1960). See also Bland v. City of Taylor, 37 S.W.2d 291 (Tex. Civ. App. -- Austin 1931), aff'd 67 S.W.2d 1033 (1934).

The plan will help the county perform its legal duties by providing information on which to make decisions and by assisting its acquisition of federal funds to carry out those decisions. We do not believe that article 11, section 3 of the Constitution prevents Calhoun County from spending money on an effort to secure federal assistance merely because private businesses may thereby also become able to apply for assistance under the same act. A county agency must approve individual applicants before they receive grants, and can insure that public needs are fulfilled by local participation in Economic Development Administration programs. We conclude that the expenditure for preparation of an economic development plan is not a constitutionally prohibited contribution of public funds to a private corporation.

### S U M M A R Y

Calhoun County may contract with an individual to prepare a plan for the economic development of the county in order to qualify the county and private

agencies for federal assistance under the
Public Works and Economic Development Act
of 1965.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb